IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTHRUP GRUMMAN COMPUTING SYSTEMS, INC., Plaintiff, | ) | |
| v. | ) | No. 07-613C (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Northrop Grumman Computing Systems, Inc., and defendant, the United States, by their representative attorneys, respectfully submit this Joint Preliminary Status Report:

a. Does the Court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 609. Defendant is not aware of any basis upon which to challenge the Court's jurisdiction at this time.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated?

At this time, the parties do not believe that trial should be bifurcated as to liability and damages.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Will a remand or suspension be sought?

The parties do not believe that remand or suspension will be sought.

f. Will additional parties be joined?

The parties do not currently anticipate that additional parties will be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56, and, if so, what is the proposed schedule for the intended filing?

The plaintiff currently intends to file a motion pursuant to RCFC 56 after it conducts discovery on the issues set forth in (h) below. Defendant anticipates filing a motion for summary judgment pursuant to RCFC 56 regarding the contract interpretation issues prior to discovery.

h. What are the relevant factual and legal issues?

Plaintiff's Statement of Factual and Legal Issues

Plaintiff currently identifies at least the following relevant factual and legal issues:

(1) Whether DHS/ICE is currently using software to perform functions described in the Essential Use Statement, i.e., software that performs "similar or comparable functions, of which the [Oakley] software was intended to perform."

(2) Whether the software used by DHS/ICE since its "decision not to exercise Option year #1 (09/30/05 thru 09/29/06) under Delivery Order COW-4-D-1025, Contract No. NAS5-01143, for providing software, hardware, and services" must be a replacement of the Oakley Software based on the representations of DHS/ICE in the Essential Use Statement.

(3) Whether DHS/ICE did "use its best efforts to seek and utilize funding from all sources."

(4) Whether DHS/ICE did "request and reserve funds from the annual budget as a first priority designation, to pay the required lease payments under this lease agreement."

(5) Whether there were funds available to DHS/ICE sufficient to make the final three lease payments.

(6) Whether DHS/ICE's properly failed and refused to make the final three payments due under the Contract totaling $2,697,558.00.

(7) Whether DHS/ICE was bound by the non-substitution clause for a period of the remaining full term of the lease or a period of twelve (12) months from the date the Department of Homeland Security discontinues its performance obligations under the lease, whichever is longer.

Defendant's Statement of Factual and Legal Issues

Defendant asserts that its decision not to exercise Option Year 1 under the Delivery Order COW-4-D-1025 with plaintiff was within the sole discretion of defendant's contracting officer pursuant to the contract, NAS5-01143, which adopts the definition of an "option" as "a unilateral right in a contract by which, for a specified time, the Government may elect to purchase additional supplies or services called for by the contract, or may elect to extend the term of the contract." 48 C.F.R. § 2.101. To the extent that there may be a conflict between the contract, the essential use statement prepared after contract award, and plaintiff's supplemental leasing terms, which were accepted by defendant in a subsequent amendment, the contract states that inconsistencies shall be resolved first by looking at the schedule of supplies/services, which

states the "period of performance shall be for one twelve (12) month base year and three twelve (12) month Option years." Thus, the terms of the contract give the Government the unilateral right to exercise option years regardless of whether any supplemental leasing terms limit this right.

In the event the Court denies our motion for summary judgment based on the interpretation of the contract, the Government posits that its decision to not exercise the option with plaintiff did not violate the contract. Paragraph 1 of the supplemental leasing terms only requires that "the Department of Homeland Security shall use its best efforts to seek and utilize funding from all sources, and to request and reserve funds from the annual budget as a first priority designation, to pay the <u>required lease payments under this lease agreement</u>," which necessarily requires that defendant first obligate itself to exercise the option before any lease payment would become due (emphasis added). The contracting officer chose not to exercise the option and, therefore, even if the lease agreement placed an additional responsibility on the contracting officer to seek funding for the lease, it only did so if the contracting officer chose to exercise the option. Such a reading is consistent with the contract terms, which grants the Government the right to terminate for convenience.

Any representations contained in the essential use statement that contradict the contract, or otherwise purport to limit the rights of defendant, were not validly incorporated into the contract. In any case, defendant has not replaced the Oakley software.

i. <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated?</u>

The parties currently intend to discuss settlement and/or ADR.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling? What is the requested place of trial?

Assuming that the case is not resolved upon dispositive motions, or that the case does not settle, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. If trial is required, both parties request that the trial be held in Washington, DC.

k. Are there special issues regarding case management needs?

The parties are unaware of any special issues regarding case management needs.

l. Is there any other information of which the Court should be aware at this time?

Defendant invites the Court's attention to the case of Northrop Grumman Information Technology, Inc. v. United States, No. 05-595C (Fed. Cl. Aug. 14, 2007) (Damich, C.J.), appeal pending, No. 2008-5003 (Fed. Cir. Nov. 11, 2007), which concerned whether a letter of essential use was validly incorporated into the contract at issue.

m. Discovery

Plaintiff proposes the following schedule:

| | |
|---|---|
| Deadline for Fact Discovery | June 30, 2008 |
| Deadline for Disclosure of any Expert Reports | May 31, 2008 |
| Deadline for Depositions or other Discovery of Experts | August 31, 2008 |
| Deadline for the filing of dispositive motions | September 30, 2008 |

Defendant proposes that the Court stay discovery until it resolves defendant's motion for summary judgment on the contract interpretation issue, for which discovery is not required, and adopt the following schedule:

| | |
|---|---|
| Defendant's Motion for Summary Judgment Solely on the Contract Interpretation Issue | March 1, 2008 |

| | |
|---|---|
| Plaintiff's Response to Above | April 1, 2008 |
| Defendant's Reply | April 18, 2008 |
| Plaintiff's Reply to Cross Motion, if any | May 30, 2008 |

In the event, the Court does not grant defendant's dispositive motion, or otherwise decides that the parties should conduct discovery, defendant proposes the following schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | March 1, 2008 |
| Deadline for Serving Written Discovery | June 2, 2008 |
| Designation of Experts | May 2, 2008 |
| Disclosure of Expert Reports | August 1, 2008 |
| Deadline for Completion of Fact Depositions | September 1, 2008 |
| Deadline for Expert Depositions | October 31, 2008 |
| Close of All Discovery | January 2, 2009 |
| Deadline for Filing of Dispositive Motions | March 27, 2009 |

Respectfully submitted,

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/David C. Aisenberg
DAVID C. AISENBERG
Looney, Cohen, Reagan &
Aisenberg LLP
33 Broad Street
Boston, MA 02109
Tel: (617) 371-1050
Fax: (671) 371-1051

Attorney for Plaintiff

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Attorneys for Defendant

February 4, 2008

CERTIFICATE OF FILING

I hereby certify that on this _4th day of February, 2008, a copy of foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo