# In The United States Court of Federal Claims

No. 07-613C

(Filed: May 24, 2011)

_____

NORTHROP GRUMMAN COMPUTING
SYSTEMS, INC.,

                      Plaintiff,

         v.

THE UNITED STATES,

                      Defendant.

_____

**ORDER**

_____

       On Friday, May 20, 2011, the court conducted a pre-trial conference in this case. Participating in this conference were Mr. David C. Aisenberg, for plaintiff, and Mr. Armando A. Rodriguez-Feo, for defendant. For the reasons discussed at this conference, the court hereby orders the following:

      1.     Trial in this case will commence at 10:00 a.m. (EDT) on Monday, June 13, 2011, at the United States Court of Federal Claims, 717 Madison Place, Washington, DC 20005. Each subsequent day of trial will begin at 9:30 a.m. (EDT), unless otherwise ordered.

      2.     On or before June 3, 2011, the parties shall file an amended joint stipulation of undisputed facts. The court expects that stipulation to be as extensive as possible. Failure to file a sufficiently comprehensive stipulation will result in an order requiring the parties to refile a revised stipulation that comports with the court's expectations.

      3.     The basic issues to be decided are:

      a.      Whether defendant breached the "best efforts" clause of the Delivery Order when it did not obtain funding to exercise the first option;

      b.      Whether the Delivery Order contained an express warranty, and if so, whether defendant breached that warranty; and

      c.      Whether plaintiff is entitled to any damages, and if so, what amount?

4.      The parties shall each have twenty minutes for opening statements. Plaintiff will go first, then defendant.

5.      Regarding exhibits:

      a.      At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections. At that time, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time.

      b.      If the parties decide to use paper copies of the exhibits during trial, at the beginning of trial, the parties shall supply <u>six</u> pre-marked copies of the exhibits they intend to offer in this case, including joint exhibits. The exhibits shall be in binders, with tabbed dividers between each individual exhibit. Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter). Defendant shall use blue stickers; plaintiff shall use any color other than blue. The parties shall ensure that the pagination of individual exhibits is easily identifiable.

      c.      If the parties decide to use electronic copies of the exhibits during trial, at the beginning of trial, the parties shall supply <u>six</u> copies of a CD-ROM containing all exhibits they intend to offer in this case, including joint exhibits, in pdf format. The parties shall also provide one paper copy of the exhibits in a binder, with tabbed dividers between each individual exhibit.

      d.      The parties shall avoid submitting to the court duplicate copies of exhibits and shall endeavor to assure that their

        exhibits are consecutively numbered, with no numbers omitted.

6. Regarding witnesses:

   a. The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.

   b. Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

   c. Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

   d. Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (e.g., stipulated matters).

7. The court will require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of trial.

8. Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

                                          s/ Francis M. Allegra
                                          Francis M. Allegra
                                          Judge