# In the United States Court of Federal Claims

No. 07-613C

(Filed Under Seal: July 1, 2011)

Reissued: July 8, 2011[1]

_____

|  |  |
|---|---|
| NORTHROP GRUMMAN COMPUTING SYSTEMS, INC., | * * * * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

_____

**ORDER**

_____

On June 15, 2011, this court issued an opinion and order dismissing this case, under RCFC 12(b)(1), for lack of jurisdiction. *See Northrop Grumman Computing Sys., Inc. v. United States*, 2011 WL 2508241 (Fed. Cl. June 15, 2011). In that ruling, the court held that plaintiff failed to meet a prerequisite for filing this case under the Contract Disputes Act of 1978, 41 U.S.C. § 601, *et seq.*, by failing to reveal in the administrative claim it filed with the contracting officer that it was sponsoring that claim on behalf of a second-level assignee. 2011 WL 2508241 at *5. On June 24, 2011, plaintiff filed a motion seeking reconsideration of this ruling. The court deems a response to this motion unnecessary.

To prevail on a motion for reconsideration under RCFC 59, the movant must identify a "'manifest error of law, or mistake of fact.'" *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999) (quoting *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992), *aff'd*, 250 F.3d

---

[1] An unredacted version of this order was issued, under seal, on July 1, 2011. The parties were given an opportunity to propose redactions, but no such proposals were made. Nevertheless, the court has corrected minor typographical and drafting errors in the original order.

762 (Fed. Cir. 2000)).[2]  Specifically, the moving party must show: (i) an intervening change in controlling law; (ii) the availability of previously unavailable evidence; or (iii) the necessity of granting the motion to prevent manifest injustice.  *Sys. Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007); *Stockton E. Water Dist. v. United States*, 76 Fed. Cl. 497, 499-500 (2007), *aff'd, in part*, *rev'd*, *in part*, *on other grounds*, 573 F.3d 1344 (Fed. Cir. 2009); *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004).  The court has considerable discretion in ruling on a motion for reconsideration.  *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *see also Banks v. United States*, 84 Fed. Cl. 288, 291 (2008).  Nevertheless, granting such relief requires "a showing of extraordinary circumstances."  *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005); *see also Alli*, 86 Fed. Cl. at 34.

In its motion, plaintiff largely reargues points that this court has already rejected.  Those arguments are no more compelling the second time around.  Indeed, plaintiff appears to don blinders to anything that contradicts its positions, including the substantial authorities cited in this court's ruling.  For example, plaintiff asserts that the court did not cite any authority for the proposition that an assignment invalid as against the United States is still valid as between the assignor and assignee. Yet, plainly, this is not the case.  *See Northrop Grumman Computing Sys.*, 2011 WL 2508241, at *6 n.12 ("Despite the impact of the Anti-Assignment Act on the rights and obligations of the United States, the subject assignment remains enforceable as between the parties thereto.  *See Segal v. Rochelle*, 382 U.S. 375, 384 (1966); *St. John Marine Co. v. United States*, 92 F.3d 39, 45 (2d Cir. 1996).").  Ignoring these cases does not make them go away.  Unfortunately, this is only one of several instances in which plaintiff bases its reconsideration request on a mischaracterization of the court's opinion and the cases cited therein.  In the end, plaintiff's motion falls far short of demonstrating any error of law or mistake of fact in this court's prior opinion, let alone one that would warrant reconsideration.[3]

---

[2]  *See also Alli v. United States*, 86 Fed. Cl. 33, 34 (2009); *Six v. United States*, 80 Fed. Cl. 694, 697 (2008); *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002), *aff'd*, 384 F.3d 1368 (Fed. Cir. 2004), *cert. denied*, 544 U.S. 948 (2005).

[3]  Plaintiff makes two "new" arguments.  First, it asserts that there was no assignment here at all – a startling claim given the dozen or more contrary statements made by plaintiff in its briefs, not to mention the "Purchase and Assignment Agreement" plaintiff had with ESCgov that is in the record.  In claiming that its earlier statements meant otherwise, plaintiff appears to be playing Humpty Dumpty with the record.  *See* Through the Looking Glass, in The Complete Works of Lewis Carroll 196 (1939).  But, the court declines to go down this rabbit hole.

There is a fictional quality to plaintiff's second "new" argument, as well.  Thus, plaintiff contends that the various prongs of the Anti-Assignment Act do not apply here because, while it assigned its right to payment under the contract to ESCgov, it did not assign any claim for breach of contract damages.  Yet, there is little doubt here that the rights obtained by ESCgov included the right to obtain damages upon breach of the contract.  *See United States v. Winstar Corp.*, 518 U.S. 839, 919 (1996) (Scalia, J., concurring) ("'The duty to keep a contract at common law means a prediction that you must pay damages if you do not keep it . . . .'").  Certainly, there is

Plaintiff correctly notes that there is no prior case on all fours with this court's ruling. But, that is of little moment, particularly since the basic issues presented here are hardly novel. For the reasons previously stated, the court is convinced that the result reached here represents a logical extension of well-established principles. And plaintiff cites no case – on all fours or otherwise – suggesting to the contrary. Of course, plaintiff could have avoided creating "new law" on this point by simply dismissing its case without prejudice and filing a new claim with the contracting officer that cured the prior claim's deficiencies. The court invited plaintiff to do so, but, for reasons that still are not apparent, plaintiff chose to litigate the matter instead – and lost. At this point, the court sees no reason to relieve plaintiff from the adverse judgment it so obtained.

Based on the foregoing, plaintiff's motion for reconsideration is hereby **DENIED**.

**IT IS SO ORDERED**.[4]

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

no reservation in the documents here to indicate otherwise. Moreover, plaintiff cites no case supporting the notion that the Anti-Assignment Act is inapplicable in a breach of contract action unless the assignor specifically assigns a right to obtain damages. In fact, a phalanx of breach cases essentially contradicts this proposition. These cases have found that an assignment violated the Anti-Assignment Act even though it related "only" to the right to receive payments under the contract and not specifically to the correlative right to receive damages upon a breach. *See*, *e.g.*, *Brown v. United States*, 524 F.2d 693 (Ct. Cl. 1976) (applying the Act in a breach case in which payments were assigned); *Produce Factors Corp. v. United States*, 467 F.2d 1343 (Ct. Cl. 1972) (same). Even if there were some merit to plaintiff's position, it, of course, misses the basic premise here, which is that plaintiff needed to put the contracting officer on notice of its assignment, so that issues like those that plaintiff raises now could have been raised then.

[4] The court intends to unseal this order after July 7, 2011. On or before July 7, 2011, each party shall file proposed redactions to this order, with specific reasons therefor.